UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. : CASE NO. 8:08-CR-154-T-27 TBM

JAVIER LEONARDO HERNANDEZ,
a/k/a "Canelo"

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by ~~A. Brian~~ Robert E. O'Neill ~~Albritton~~, United States Attorney for the Middle District of Florida, and the defendant, Javier Leonardo Hernandez, and the attorney for the defendant, Joaquin Perez, Esquire, mutually agree as follows:

A. **Particularized Terms**

1. Count Pleading To

The defendant enter a guilty plea to Count Two of the Indictment, charging the defendant with conspiring with other persons to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, knowing and intending that said cocaine would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959, 963 and 960(b)(1)(B)(ii).

Defendant's Initials _JLH_                                      AF Approval _____

2. <u>Maximum Penalties</u>

Count Two is punishable by a mandatory minimum term of imprisonment of ten (10) years to life imprisonment, a fine of up to four million dollars ($4,000,000), a term of supervised release of at least five (5) years, and a special assessment of $100 per felony count.

3. Under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), a maximum sentence of life imprisonment may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty:

> The Defendant conspired with others to possess with the intent to distribute or to distribute five (5) kilograms or more of cocaine.

4. **Rule 11(c)(1)( C) Plea: Parties Agree to Specific Sentence**

This plea agreement is entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which provides that the parties may agree that a specific sentence is the appropriate disposition of the case and that such a recommendation or request binds the court once the court accepts the plea agreement. In this case, the parties agree that a specific sentence of **one hundred, twenty-one (121) months imprisonment** is the appropriate disposition of the case. In the event that the Court does not accept the 121-month recommendation of the parties, then the Defendant shall be permitted to withdraw his guilty plea. Similarly, if the Court does not accept the 121-month recommendation of the parties, then the United States shall be permitted to declare the plea agreement void and continue its prosecution of the Defendant.

Defendant's Initials       2

5. <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Two are:

<u>First</u>: That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment, and

<u>Second</u>: That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

6. <u>Remaining Count Dismissed</u>

At the time of sentencing, the remaining Count (Count One), will be dismissed as to the Defendant, pursuant to Fed. R. Crim. P. 11(c)(1)(A).

7. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge the defendant with committing any other Federal criminal offenses known to the United States Attorney's Office for the Middle District of Florida at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

8. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant

Defendant's Initials _____   3

understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9. <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing

Defendant's Initials ＳＬＨＰ          4

recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. <u>Use of Information - Section 1B1.8</u>

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11. <u>Cooperation - Responsibilities of Parties</u>

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the

Defendant's Initials JJHP     5

government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of

Defendant's Initials JJ HP    6

such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant its own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

Defendant's Initials _SJ HP_      7

12. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. §§ 853(a), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to this federal criminal forfeiture action, or any civil judicial or administrative forfeiture action brought pursuant to 21 U.S.C. § 881. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment. In the event the subject funds are forfeited administratively, the defendant waives any right he may have to challenge the timeliness of the commencement of the administrative forfeiture and further waives his right to any additional notice of the commencement of such an action.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that at the time of accepting this plea agreement, the Court make a determination that the government has

Defendant's Initials JJHP         8

established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a

Defendant's Initials J L H P          9

consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

B. **Standard Terms and Conditions**

    1.    Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, on each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States

Defendant's Initials J H           10

District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and

Defendant's Initials JLHP        11

any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. Sentencing Guidelines and Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. However, as noted above, because this plea agreement is being entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, if the Court reject the agreement (either before of after it has had an opportunity to consider the presentence report prepared by the United States Probation Office), then the Defendant shall be permitted to withdraw from his guilty plea. Likewise, if the Court does not accept the plea agreement, then the United States shall be permitted to declare the agreement void and continue its prosecution of the Defendant.

5. Appeal of Sentence and Collateral Attack - Waiver

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the

Defendant's Initials JJ HP           12

Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction

Defendant's Initials JdHP                13

with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those facts beyond a reasonable doubt:

Defendant's Initials J JHP            14

## FACTS

During 2004, Javier Leonardo Hernandez, a/k/a "Canelo" (hereinafter the Defendant) was a knowing and willing participant in a drug smuggling conspiracy involving the distribution of over five (5) kilograms of cocaine. Moreover, the Defendant conspired with other persons to distribute the cocaine, knowing and intending that the cocaine would be unlawfully imported into the United States.

During 2004, the Defendant (who was living in Florida) and Jorge Perez discussed and negotiated with Alfredo Vengoechea with respect to a plan and agreement to smuggle a large shipment of cocaine from South America to the United States. Both Perez and Vengoechea were based in Colombia, South America, and the agreement involved smuggling a shipment of approximately one hundred (100) kilograms of cocaine from Venezuela to Mexico via a commercial airplane. The ultimate destination for the cocaine shipment was the United States.

Vengoechea had a contact in the airport in Venezuela and the Defendant had a drug trafficking associate who had a contact person within the airport in Mexico City who could assist in smuggling the shipment of cocaine. Vengoechea's role also included obtaining the cocaine. In 2004, the drug shipment was successfully transported by plane from Venezuela to Mexico and to the Defendant's criminal associate in Mexico. However, because the Defendant's associate stole or lost the cocaine shipment, the Defendant incurred a drug debt to Vengoechea. As a result, in June of 2004, the Defendant caused the transfer of a real property in Bogota to Vengoechea or a person believed to be a third-party nominee of Vengoechea.

Defendant's Initials JLHP                    15

In connection with the Defendant's arrest in Colombia in the above-captioned case, the Defendant was extradited to the United States. As part of the extradition process, the Defendant was first brought to the United States at a point in the Middle District of Florida.

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 4th day of October, 2010.

_____
Javier Leonardo Hernandez
Defendant

_____
Joaquin Perez
Attorney for Defendant

ROBERT E. O'NEILL
~~A. BRIAN ALBRITTON~~
United States Attorney

_____
W. Stephen Muldrow
Assistant United States Attorney

_____
Joseph K. Ruddy
Assistant United States Attorney
Senior Deputy Chief, Narcotics Section

N:\_Criminal Cases\H\Hernandez, Javier Leonardo_2008R00724_wsm\p_Plea Agreement_D1.wpd

Defendant's Initials _____    16